IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:14-CV-85

DONALD L. MORRISON,
    Plaintiff,

  v.

WAYNE R. MYERS, GEORGE B. CURRIN,
STEPHEN A. WEST, DENNIS DUFFY, and
S. KATHERINE BURNETTE,
    Defendants,

ORDER

This matter is before the court on defendant George B. Currin's ("Currin") motion for a pre-filing injunction, (DE # 25), and motion to dismiss, (DE # 36); defendants Wayne R. Myers, Stephen A. West, Dennis Duffy, and S. Katherine Burnette's motion to dismiss, (DE # 29); and plaintiff Donald Morrison's motion to disregard defendant Currin's motion for a pre-filing injunction, (DE # 32). Plaintiff filed a response to Currin's motion to dismiss. (DE # 39.) Plaintiff also filed two documents which attempt to provide the court with supplemental information and request additional relief. (DE ## 35, 40.)

**I. BACKGROUND**

Donald L. Morrison ("plaintiff"), proceeding *pro se*, filed this action on 5 May 2014. (DE # 1.) On 28 August 2014, plaintiff filed a document titled "Correction/Clarification," (DE # 23), which the court treated as a motion to amend his complaint. The court granted the motion, (DE # 33), and on 3 October 2014, the Clerk, as directed, re-filed his original complaint and attached the "Correction/Clarification" document. (DE # 34.) The court will consider this as

plaintiff's amended complaint.[1]

While plaintiff's specific causes of action are unclear, he alleges that a prior criminal conviction in this court resulted from an unlawful trial and "illegal judgment and sentencing." (Id. at 1.) He states that his conviction was "without due process." (Id. at 5.) Specifically, plaintiff contends that the trial judge should have declared a mistrial because "the first [fifteen] counts [of the indictment] were illegal and the trial should have been stopped for lack of expert and knowledgeable witnesses . . . ." (Id. at 2.)

Plaintiff goes on to argue that the government's seizure of his bank account and car was illegal. (Id. at 3.) He also maintains that his custody pending sentencing amounted to false imprisonment and violated his "right to a speedy trial and sentencing." (Id.) In addition, he appears to assert a claim of legal malpractice against defendant Currin for submitting a brief without plaintiff's permission. (Id. at 4.) Plaintiff makes several other claims, including that the trial judge convicted and sentenced him on a charge not included in the indictment. (Id.) He asks the court to cleanse his record and dismiss his criminal case. (Id. at 4.) He additionally seeks "to be repaid for what money was taken unfairly from him," plus "[six percent] interest for damages." (Id.)

Plaintiff's conviction for, among other charges, conspiracy to defraud the United States, making false statements, and mail fraud, was upheld by the Fourth Circuit Court of Appeals in 2009. United States v. Morrison, 333 F. App'x 741, 742 (4th Cir. 2009) (unpublished). This complaint marks plaintiff's third attempt to hold the named defendants civilly liable for the alleged wrongdoings that lead to his conviction. Currin served as plaintiff's defense counsel

---

[1] The court notes that plaintiff also re-filed his complaint on 29 May 2014, (DE # 6), and included several exhibits not attached to his original complaint.

during some stages of his criminal proceeding. (DE # 34, at 6.) Wayne R. Myers, Stephen A. West, Dennis Duffy, and S. Katherine Burnette (collectively "governmental defendants") were federal officials involved in various capacities in the prosecution of plaintiff. (Id. at 2-4.) In 2011, plaintiff filed in this court his first complaint against the named defendants regarding his conviction. (Case No. 7:11-CV-168-BO, DE # 1.) Judge Terrence Boyle dismissed the suit against Currin based on lack of subject matter jurisdiction and, alternatively, under North Carolina's statutes of limitations and repose. (Id., DE # 27, at 4-6.) Judge Boyle dismissed the claims against the governmental defendants for failure to effect proper service. (Id. at 8; Id., DE # 32, at 3.)

In 2012, plaintiff filed a second action in this court against the named defendants related to his conviction. Morrison v. Holding, No. 7:12-CV-253-BO, 2013 WL 1975379 (E.D.N.C. May 13, 2013). Judge Boyle dismissed the claim against Currin on *res judicata* grounds and, alternatively, for failure to state a claim. Id. at *3. He dismissed the claims against the governmental defendants based on lack of subject matter jurisdiction and failure to state a claim, and under Heck v. Humphrey, 512 U.S. 477 (1994). Id. On appeal, the Fourth Circuit Court of Appeals declined to uphold dismissal as to Currin on *res judicata* grounds, but found that the district court lacked subject matter jurisdiction to hear the claim. Morrison v. Holding, 539 F. App'x 272, 273 (4th Cir. 2013) (unpublished). The appellate court upheld the dismissal as to the governmental defendants based on the reasons stated by the district court. Id.

Now, Currin seeks dismissal of plaintiff's complaint based on the reasons set forth in this court's and the court of appeal's previous orders dismissing plaintiff's nearly identical claim. (DE # 37, at 3.) He also seeks a pre-filing injunction to prohibit plaintiff from filing further

3

claims against him regarding this matter. (DE # 26, at 2.) The governmental defendants argue that plaintiff's complaint against them must be dismissed for lack of subject matter jurisdiction, failure to state a claim, and under the doctrine of *res judicata*. (DE # 30, at 1.)[2]

## II. DISCUSSION

In response to a motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, the plaintiff bears the burden of showing that federal jurisdiction is appropriate. Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir.1999) (citation omitted). A district court should allow a Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id.

Rule 12(b)(6) permits a court to dismiss an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To state a claim, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A 12(b)(6) motion should only be granted if "it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999). However, a complaint that proffers only "a formulaic recitation of the elements of a cause of action" with no "further factual enhancement" is insufficient. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007). To survive dismissal, a party must come forward with "enough facts to state a claim to relief that is plausible on its face." Id. at 548. The plausibility standard is met "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). The court must accept as true

---

[2]The governmental defendants did not renew their motion to dismiss after the filing of the amended complaint. However, this court will consider their initial motion as to the amended complaint.

all well-pleaded allegations and must draw all reasonable factual inferences in favor of the plaintiff. See Venkatraman v. REI Sys., Inc., 417 F.3d 418, 420 (4th Cir. 2005).

A court may take judicial notice of matters of public record without converting a motion to dismiss into one for summary judgment. See Clark v. BASF Salaried Emps. Pension Plan, 329 F. Supp. 2d 694, 697 (W.D.N.C. 2004). Accordingly, the court will consider exhibits attached to defendants' motions to the extent that they are part of the public record from plaintiff's prior court proceedings.

A.  **Plaintiff's motion to disregard Currin's motion for a pre-filing injunction**

Plaintiff urges the court to disregard Currin's motion for a pre-filing injunction because "Currin failed to answer the complaint of his court summons as ordered by the Court . . . ." (DE # 32, at 1.) On 11 August 2014, the court granted Currin's motion for an extension of time to answer plaintiff's complaint, affording Currin until 9 September 2014 to file his answer. (DE # 22.) On 9 September 2014, Currin filed his first Rule 12 motion. (DE # 25.) Pursuant to Rule 12(a)(4) of the Federal Rules of Civil Procedure, the filing of a Rule 12 motion suspends the deadline for filing an answer until fourteen days after the party receives notice of the court's action on the motion. As Currin's motion to dismiss is currently pending before this court, the time for filing his answer has not expired. Accordingly, the court will deny plaintiff's motion to disregard Currin's motion.

B.  **Currin's motion to dismiss and motion for a pre-filing injunction**

As previously determined by both this court and the Fourth Circuit Court of Appeals, this court lacks subject matter jurisdiction over plaintiff's claim against Currin. Case No. 7:11-CV-168-BO, DE # 27, at 4; Morrison, 539 F. App'x at 273. Although unclear from the face of the

5

complaint, the court will construe the complaint liberally as asserting a claim of legal malpractice against Currin. As the Fourth Circuit Court of Appeals noted, a claim for legal malpractice arises under state law, and the fact that the alleged malpractice occurred during a federal case does not vest this court with federal question jurisdiction. Morrison, 539 F. App'x at 273. There is also no basis for diversity jurisdiction as plaintiff has failed to allege diversity of citizenship between the parties. Moreover, this court will not exercise supplemental jurisdiction over plaintiff's state law claim because the court concludes, as discussed below, that his remaining claims must be dismissed. See 28 U.S.C. § 1367(c)(3) (permitting dismissal of pendent state law claims upon dismissal of all claims over which the court has original jurisdiction). Accordingly, plaintiff's legal malpractice claim against Currin will be dismissed.

Regarding Currin's motion for a pre-filing injunction, (DE # 25), this court finds that such a drastic measure is unjustified at this time. See Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 818 (4th Cir. 2004) (noting that a pre-filing injunction should be approached with caution). However, this is the third time that a federal court has made plaintiff aware that this court lacks jurisdiction over his malpractice claim against Currin. Consequently, if plaintiff files another complaint in this court against Currin arising out of Currin's actions in plaintiff's criminal proceeding, his complaint may be summarily dismissed and he may be subject to sanctions and/or a pre-filing injunction.

**C.     The governmental defendants' motion to dismiss**

Plaintiff contends that the governmental defendants are liable for the roles they played in his allegedly unconstitutional conviction. (DE # 34, at 2-4.) The court will construe this as an

6

action filed pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). From the face of the complaint, it is unclear whether plaintiff is suing the governmental defendants in their individual or official capacities. The court will consider both possibilities.

The court concludes that plaintiff's claims against the governmental defendants in both their individual and official capacities are barred by the doctrine of *res judicata*. "A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981) (internal citation omitted). The *res judicata* defense has three elements: 1) a final judgment on the merits in a prior suit; 2) an identity of the cause of action in both the earlier and the later suit; and 3) an identity of the parties or their privies in the two suits. See Andrews v. Daw, 201 F.3d 521, 524 (4th Cir. 2000). Regarding the first element, Rule 41(b) of the Federal Rules of Civil Procedure states, "Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule — except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 — operates as an adjudication on the merits." With regard to the second element, the claims must arise out of the same transaction of operative facts, but they need not be identical. See Pueschel v. United States, 369 F.3d 345, 355 (4th Cir. 2004).

All three elements of *res judicata* are present here. First, the prior dismissals of plaintiff's claims constituted final judgments on the merits. The Fourth Circuit Court of Appeals upheld the district court's determination that plaintiff's claims against defendants in their official capacities were barred by sovereign immunity. Morrison, 539 F. App'x at 273 (citing F.D.I.C. v.

7

Case 7:14-cv-00085-BR   Document 41   Filed 01/06/15   Page 7 of 9

Meyer, 510 U.S. 471, 484-86 (1994)). A dismissal based on sovereign immunity grounds is a final judgment on the merits. See Stuart v. Hunt, 598 F.Supp. 1342, 1350 n.11 (E.D.N.C. 1984) (stating that "a dismissal premised upon sovereign immunity constitutes a final judgment on the merits."). The Court of Appeals also upheld the district court's dismissal of plaintiff's claims against defendants in their individual capacities, affirming that the claims were not cognizable under Heck. Morrison, 539 F. App'x at 273. A dismissal pursuant to Heck falls under Rule 41(b)'s definition of a judgment on the merits. Cf. Donahue v. Gavin, No. CIV. A. 98-1602, 1999 WL 165700, at *4 (E.D. Pa. Mar. 12, 1999) (noting that if a prior claim had been dismissed pursuant to Heck, the claim would have been "the subject of a final judgment on the merits."). Second, plaintiff's instant claims arise out of the same facts as his previous claims. Third, all the parties to the instant suit were parties in the previous litigation. Accordingly, plaintiff's claims against the governmental defendants in their individual and official capacities must be dismissed under the doctrine of *res judicata*.[3]

### III. CONCLUSION

Based on the foregoing, defendant Currin's motion to dismiss, (DE # 36), is GRANTED. To the extent that Currin's first motion to dismiss, (DE # 25), seeks a pre-filing injunction, it is DENIED. Plaintiff's motion to disregard Currin's motion for a pre-filing injunction, (DE # 32), is DENIED. The governmental defendants' motion to dismiss, (DE # 29), is GRANTED. Plaintiff's complaint is DISMISSED WITH PREJUDICE, and the Clerk is DIRECTED to close this case.

---

[3] The two documents that plaintiff filed which appear to supplement his amended complaint and request additional relief, (DE ## 35, 40), do not change the court's analysis. To the extent plaintiff requests additional relief in those documents, such request is DENIED.

This 6 January 2014.

                                            W. Earl Britt
                                            Senior U.S. District Judge